IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EHO360 LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NICHOLAS OPALICH,<br><br>　　　　Defendant,<br><br>WESBANCO, *formerly known as Premier Bank*,<br><br>　　　　Garnishee. | CASE NO. 1:23-mc-56<br><br>DISTRICT JUDGE<br>DAVID A. RUIZ<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br><br><br>**REPORT AND RECOMMENDATION** |

This miscellaneous case was referred to me for handling the Writ of Execution filed by Plaintiff EHO360 LLC against Defendant Nicholas Opalich, including processing the Writ of Garnishment to Garnishee WesBanco. Doc. 19. Now before the Court is EHO360's Motion for attorneys' fees, Doc. 36, following Garnishee WesBanco's failure to timely answer the Court's garnishment order and failure to appear or respond to the Court's Show Cause Order. For the reasons explained below, I recommend that the Court find WesBanco in contempt and award EHO360 $1,113.50 in attorney fees.

　　*Background*

　　On October 1, 2025, the Court sent to WesBanco by certified mail an Order of Garnishment, a blank form of Answer of Garnishee, and a $1.00 check. *See Order*, 10/1/2025; Doc. 25. WesBanco was required to complete the Answer

form and return it to the Court within five business days of receiving it or before the Court's hearing, which was set for October 10, 2025. *See* Doc. 25; Ohio Rev. Code § 2716.21(B); *see also* Fed. R. Civ. P. 69(a)(1) (providing that money judgments are enforced under the law of the state where the court is located). WesBanco failed to timely submit its Answer.

On November 9, about a month later and still with no Answer from WesBanco, EHO360 filed a Motion asking the Court to require WesBanco to show cause why it should not be held in contempt for its failure to answer. Doc. 32; *see* Ohio Rev. Code § 2716.21(E) ("If a garnishee fails to answer as required by this section, … the court may proceed against the garnishee for contempt."). The Court granted EHO360's Motion and ordered WesBanco to appear on November 25, to show cause why it should not be held in contempt for its failure to submit an Answer. Doc. 33. The Court held the hearing as scheduled. Doc. 34. EHO360's counsel appeared; WesBanco did not appear. Doc. 34. Nor did WesBanco submit an Answer, any other filing, or contact the Court.

On December 2, EHO360 filed a Motion for attorneys' fees from WesBanco, requesting $1,113.50. Doc. 36. This amount accounts for the time counsel spent drafting the show cause motion and attending the show cause hearing. *Id.* On December 5, WesBanco filed an Answer to the garnishment order, Doc. 38, and on December 8, it filed a response to the Court's Show Cause Order explaining why it did not timely answer or appear at the hearing, Doc.

2

39. It did not respond to EHO360's Motion for fees and the time to do so has passed.

*Discussion*

The Supreme Court has long held that federal courts have certain "inherent powers" including "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (citations omitted). One such sanction may be an award of attorneys' fees, meaning an order to a "party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Id*.

> This Court has made clear that such a sanction, when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature. *See Mine Workers v. Bagwell*, 512 U.S. 821, 826–830, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994) (distinguishing compensatory from punitive sanctions and specifying the procedures needed to impose each kind). In other words, the fee award may go no further than to redress the wronged party "for losses sustained"; it may not impose an additional amount as punishment for the sanctioned party's misbehavior. *Id*., at 829, 114 S.Ct. 2552 (quoting *United States v. Mine Workers*, 330 U.S. 258, 304, 67 S.Ct. 677, 91 L.Ed. 884 (1947)).

*Id*. at 108 (footnote omitted).

The Sixth Circuit has articulated a two-step inquiry to apply when considering whether certain conduct is subject to a court's inherent authority to issue sanctions. *See Williamson v. Recovery Ltd. P'ship*, 826 F.3d 297, 302 (6th Cir. 2016). First, the court should consider whether the party engaged in conduct "that hampered the enforcement of a court order." *Id*. Second, if the

conduct did hamper the enforcement of a court order, whether the party acted in bad faith. *Id.* For conduct to support a finding of bad faith, conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, WesBanco's failure to answer and appear at the show cause hearing "hampered the enforcement of a court order." *Williamson*, 826 F.3d at 302. The Court could not process its garnishment order without WesBanco's Answer, which WesBanco was also statutorily required to provide. *See* Ohio Rev. Code § 2716.21(B). And the Court could not resolve this issue—by, for instance, letting WesBanco explain why it failed to file its Answer—because WesBanco failed to respond to the Court's Show Cause Order or appear at the hearing.

Second, WesBanco's conduct amounted to bad faith. In its late response to the Court's Show Cause Order, WesBanco explains that the Court's orders "were never forwarded to" any of the three bank employees "dedicated to processing legal papers." Doc. 39, at 1. WesBanco states that it has "policies and procedures" and "branch employee training programs in place to prevent such occurrences," but "[u]nfortunately, the policies, procedures and/or the training did not work in this instance." *Id.* at 2. While WesBanco says that it "has launched an investigation into this matter, and will respond internally to help ensure that the situation does not occur in the future," *id.* at 1, the fact

4

remains that it twice failed to ensure that mail from the Court reached the proper person. This amounts "a reckless disregard for the effect of [WesBanco's] conduct on th[e]se proceedings." *See Wu*, 420 F.3d at 643. Finally, EHO360's fee request is limited to the "reimburse[ment] [of] legal fees and costs incurred by" WesBanco's misconduct. *See Goodyear Tire & Rubber Co.*, 581 U.S. at 107. Sanctions are therefore warranted.

To determine whether the requested amount, $1,113.50, is reasonable, I use the "lodestar method" of calculation; that is, "the number of hours reasonably expended … multiplied by a reasonably hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). EHO360 seeks fees for drafting its Motion to show cause (.2 hours), which is reasonable. And it seeks fees for the time counsel spent traveling to and attending the show cause hearing (1.5 hours). Generally, travel time as a fee award is compensable time. *See, e.g., In re AME Church Emp. Ret. Fund Litig.*, No. 1:22–MD–3035, 2025 WL 3070043, at *5 (W.D. Tenn. Nov. 3, 2025) (citing *Wayne v. Vill. of Sebring*, 36 F.3d 517, 532 (6th Cir. 1994) ("[Plaintiffs] correctly point out that ... the time spent traveling is fully compensable") and *Smith v. Service Master Corp.*, 592 F. App'x 363, 372 (6th Cir. 2014) ("The Sixth Circuit has often found travel time to be compensable if determined by the district courts to be the local practice regarding payment for travel time.")). Courts in this district have found travel time to be compensable in prevailing-party, fee-shifting cases. *See Pirolozzi v. Stanbro*, No. 5:07-cv-798, 2009 WL 3624919, at *6 (N.D. Ohio Oct. 29, 2009);

*Disabled Patriots of Am., Inc. v. Rsrv. Hotel, Ltd.*, 659 F. Supp. 2d 877, 889 (N.D. Ohio 2009); *but see Woods v. Willis*, 981 F. Supp. 2d 700, 703 (N.D. Ohio 2013) (finding that travel time is not compensable). I find that in this case, travel time is compensable. The total number of hours EHO360 seeks therefore is reasonable.

As for a reasonable rate, a court "has broad discretion in determining a reasonable hourly rate for an attorney," and "use[s] as a guideline the prevailing market rate, which is defined as 'the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.'" *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 715 (6th Cir. 2016) (citations omitted). Courts in this district regularly consult the Ohio State Bar Association's Report, *The Economics of Law Practice in Ohio*. *See, e.g., Ramsey v. FirstEnergy Corp.*, No. 5:23-cv-86, 2023 WL 6794478, at *5 (N.D. Ohio Oct. 13, 2023). I do the same here.

EHO360's attorney, Ronald M. McMillan is a senior-counsel litigator with a large firm with over 20 years of experience. Doc. 36-1, at 1, 3. He states that his hourly rate for 2025 is $655. *Id.* at 1. This amount is within the high range of the rates published in *The Economics of Law Practice in Ohio*. The following snapshot of the report shows the hourly billing rate for counsel, from the mean at the low end to the 95th percentile at the high end:

| Of counsel | 24 | $380 | $250 | $325 | $413 | $670 |

in McMillan's main general field, Doc. 36-1, at 3:

| Corporate/Business law | 41 | $356 | $250 | $340 | $425 | $550 |

with McMillan's years of experience:

| 16 to 25 years | 100 | $325 | $250 | $303 | $368 | $551 |

in the Cleveland region:

| Cleveland Region | 104 | $336 | $225 | $300 | $368 | $599 |

at a large firm like McMillan's:

| 21 or more attorneys | 43 | $389 | $313 | $380 | $450 | $605 |

*See The Economics of Law Practice in Ohio*, at 39–43 (OSBA 2024) (available at https://www.ohiobar.org/member-tools-benefits/practice-management-tools-and-services/economics-of-law-practice-study/). Moreover, the economic data from the 2024 report was gathered in 2023, and McMillan performed the work in late 2025. Taking into account a small amount of inflation, I find that McMillan's requested hourly rate is reasonable. *See Ramsey*, 2023 WL 6794478, at *6 (N.D. Ohio Oct. 13, 2023) (accounting for inflation between the time the data was collected and the time the work for the fees was rendered).

7

*Conclusion*

For the reasons explained above, I recommend that the Court grant EHO360's Motion for attorney fees, Doc. 36, and award it fees from WesBanco in the amount of $1,113.50.

Dated: December 29, 2025

                                           */s/ James E. Grimes Jr.*
                                           James E. Grimes Jr.
                                           U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).